**William P. ROGERS, Attorney General of the United States, as successor to the Alien Property Custodian, Plaintiff,**

v.

**George P. REINBERG, Defendant.**

**Civ. A. No. 1210-55.**

United States District Court
D. New Jersey.
June 16, 1958.

Mary P. Clark, Attorney, Office of Alien Property Custodian, Department of Justice, Washington, D. C., Charles H. Hoens, Jr., Asst. U. S. Atty., District of New Jersey, Newark, N. J., for plaintiff.

Milton, McNulty & Augelli, Jersey City, N. J., by John B. O'Neill, Jersey City, N. J., for defendant.

HARTSHORNE, District Judge.

Findings of Fact

1. Kurt Lueddeke died on June 16, 1931, leaving as his only heirs his widow, Clara Lueddeke, nee Mohr, inheriting one-quarter, and his son, Werner Walther Lueddeke, born August 17, 1914, in Hamburg, inheriting three-quarters.

2. On January 12, 1935, at Hamburg, Germany, Clara and Werner Lueddeke executed an instrument written in the English language purporting to assign a claim they had against one Fritz Brahm to the defendant, George P. Reinberg, and appointing the defendant their attorney to collect the Brahm debt, either in their names or in that of the defendant.

3. This assignment and power of attorney dated January 12, 1935, was not licensed by the German Foreign-Exchange Control Office.

4. By letter dated April 28, 1939, defendant, George P. Reinberg, requested J. Alfred Reinberg & Co. in Hamburg, Germany, to approve and to obtain the approval of Mrs. Lueddeke, as well as the consent of the German foreign-exchange control authorities, to a compromise settlement of the Brahm debt whereby the amount thereof was set at $6,900 to be paid in monthly installments beginning in September 1939, of $50 a month for the first year, $60 a month for the second year, and $75 a month thereafter until paid in full. The proposed settlement further provided that, if each payment was promptly made, the sum of $5,000 would be accepted as full payment of the entire debt, and that 25% of the collections should be retained in New York for the payment of an attorney's fee.

5. This compromise settlement, as outlined in defendant's letter of April 28, 1939, was licensed by the German Foreign-Exchange Control Office on June 23, 1939, Individual License No. A9/471/39/V, with instructions to remit the collections to the Reichsbank in Germany.

6. Between 1939 and 1948, the defendant, George P. Reinberg, collected $5,000 from Fritz Brahm, $1,281.50 of which was retained by defendant's attorney in New York for fees and disbursements in connection with the collections.

7. The defendant, George P. Reinberg, received advice from J. Alfred Reinberg & Co., under date of January 17, 1940, to deposit amounts of $100 as available from the Brahm collections to the credit of the Reichsbank-Direktorium, Berlin, with The Chase National Bank of the City of New York, for account of Mrs. Clara Lueddeke, p. a. J. Alfred Reinberg & Co., the Reichsbank to be notified by airmail of each deposit.

8. On August 1, 1940, and on February 11, 1941, the defendant, George P. Reinberg, deposited two amounts, $150 and $100, respectively, with The Chase National Bank of the City of New York, for the account of the Reichsbank-Direktorium, Berlin, for account of Mrs. Clara Lueddeke, p. a. J. Alfred Reinberg & Co., Hamburg, Germany.

9. These two payments of $150 and $100 are the only payments attempted to be made by the defendant, George P. Reinberg, to Clara or Werner Lueddeke out of the Brahm collections. In collecting the funds from Brahm, the defendant, George P. Reinberg, was forced to expend personally the sum of $150.

10. On June 12, 1951, Vesting Order No. 18040 was issued, vesting in the Attorney General of the United States the debt or other obligation of the defendant, George P. Reinberg, represented by the funds collected and received from Fritz Brahm.

11. On June 25, 1951, and on August 13, 1952, the Director of the Office of Alien Property directed the defendant, George P. Reinberg, to deliver to the Office of Alien Property all monies collected by him from Fritz Brahm on the

Lueddeke claim, including any accretions thereto, and to account for all deductions therefrom since April 9, 1948.

12. The defendant, George P. Reinberg, has refused and failed to comply with the Attorney General's demand to turn over the Brahm collections, so this suit was filed on December 28, 1955, to enforce compliance with Vesting Order No. 18040 and the demands of the Director of the Office of Alien Property.

13. On October 23, 1957, the Landeszentralbank of Hamburg, Germany, issued a document in the form of a license or permit to the alleged effect that the assignment in 1935 of the Brahm debt by Clara Lueddeke and Werner Lueddeke to the defendant, George P. Reinberg, was retroactively approved.

## Conclusions of Law

1. Clara Lueddeke and Werner Lueddeke were German nationals, residing in Germany in January 1935, and both were enemy aliens as of June 12, 1951, when Vesting Order 18040 was executed. Therefore, any property or right, title or interest in property in the United States which they possessed was subject to being vested by the Attorney General under the Trading With the Enemy Act, as amended (50 U.S.C.A.Appendix, § 1 et seq.).

2. As a result of Vesting Order No. 18040, the Attorney General succeeded to the claim of Clara Lueddeke and Werner Lueddeke to the funds collected by the defendant, George P. Reinberg, from Fritz Brahm, in satisfaction of the loan obtained by him from Kurt Lueddeke, deceased.

3. German law determines the validity of the assignment executed by Clara Lueddeke and Werner Lueddeke on January 12, 1935 and, under German law, said assignment was null and void because not licensed by the German Foreign-Exchange Control Office.

4. Assuming that German law does not control the effect of the assignment executed in Germany on January 12, 1935, under the law of New York, said assignment did not transfer the beneficial title to the Brahm debt to the defendant, George P. Reinberg, but was given by the Lueddekes for collection purposes only.

5. The license obtained by the defendant, George P. Reinberg, on October 23, 1957, from the Landeszentralbank of Hamburg, Germany, did not "cure" and make valid the assignment of January 12, 1935.

6. By virtue of Vesting Order No. 18040, the Attorney General is entitled to receive the collections made by the defendant George P. Reinberg, from Fritz Brahm, less the 25% attorney's fee already paid and less $150 additional expenses.

7. The defendant, George P. Reinberg, is entitled to deduct from said collections the payments totalling $250 which he made to The Chase National Bank of the City of New York in 1940 and 1941 for the account of the Reichsbank-Direktorium, Berlin, for the account of Mrs. Clara Lueddeke, p. a. J. Alfred Reinberg & Co.

8. The defendant, George P. Reinberg, is not entitled to any fee for services rendered in connection with the collections from Fritz Brahm, over and above the fee already deducted and paid to his New York counsel and his above expenses and forwardings.